**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ * | | |
| **HELEN SETTERLUND,** * | | |
| Plaintiff, * | | |
| * | | |
| v. * | Civil Action No. | |
| * | 05-40194-FDS | |
| **JOHN POTTER, POSTMASTER** * | | |
| **GENERAL, UNITED STATES** * | | |
| **POSTAL SERVICE,** * | | |
| Defendant, * | | |
| _____* | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Ms. Helen Setterlund, the Plaintiff in this case, has filed the instant action because for eight years, she was subjected to a hostile work environment while employed by the United States Post Office ("USPS"), in violation of Title VII of the Civil Rights Act. Ms. Setterlund was a custodian for the USPS, and during the course of her employment, she was continuously harassed by three co-workers, Jack Platt ("Platt"), Ben Wrubel ("Wrubel") and Frank McGinn ("McGinn"). Although Ms. Setterlund meticulously reported this harassment to her supervisors, the USPS continuously failed to adequately address her concerns. Accordingly, the actions of these co-workers, including sexually derogatory name calling, following, staring and leering at Ms. Setterlund, and making her the victim of a series of juvenile pranks, coupled with the USPS's grossly inadequate response, constituted a hostile work environment, constituted retaliation pursuant to Title VII, and ultimately led to her constructive discharge.

On January 3, 2008, the Defendant filed a Motion for Summary Judgment. On January 30, 2008, Ms. Setterlund filed an Opposition to the Defendant's Motion for Summary Judgment because the material facts of this case, when viewed in the light most favorable to Ms. Setterlund, establish a trial-worthy issue. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). In her response, Ms. Setterlund has demonstrated an actionable Title VII claim. In addition, Ms. Setterlund has shown that the USPS can be held responsible for the actions of Ms. Setterlund's co-workers, by failing to act reasonably in response to the reported incidents of harassment. Ms. Setterlund has also demonstrated an actionable claim for Title VII retaliation, as well as for constructive discharge.

For the reasons more fully set out in the Plaintiff's Memorandum of Law, all of the Exhibits in this case are admissible for purposes of Summary Judgment.

Respectfully Submitted
Helen Setterlund
By her Attorney,

*//Chester V. Shea III//*

Chester V. Shea III
484 Main Street, Suite 570
Worcester, MA 01608
508.799.0090
BBO#455820


Dated: February 14, 2008